# EXHIBIT A

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT | DOCKET NO. _____ |
|---|---|---|
| PLAINTIFF(S) Shana Graziano Personal Representative of the Estate of Soney Matthews | COUNTY OF ESSEX | DEFENDANT(S) City of Peabody |

| Type Plaintiff's Attorney name, Address, City/State/Zip Phone Number and BBO# | Type Defendant's Attorney Name, Address, City/State/Zip Phone Number (If Known) |
|---|---|
| Alan L. Cantor BBO #: 072360 Swartz & Swartz, P.C. 10 Marshall Street Boston, MA 02108 (617) 742-1900 | |

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

CODE NO.          TYPE OF ACTION (specify)          TRACK

**B08 Wrongful Death G L c 229, s 2A - Average Track**

**IS THIS A JURY CASE?**
( • ) Yes     ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses
   2. Total doctor expenses
   3. Total chiropractic expenses
   4. Total physical therapy expenses
   5. Total other expenses (describe) ......................................... $ _____
B. Documented lost wages and compensation to date ......................... $ _____
C. Documented property damages to date ...................................... Subtotal $ _____
D. Reasonably anticipated future medical expenses ........................... $ _____
E. Reasonably anticipated lost wages and compensation to date ............. $ _____
F. Other documented items of damages (describe) ........................... $ _____

G. Brief description of plaintiff's injury, including nature and extent of injury (describe) $ 1,000,000.00 +

As a direct and proximate result of the negligence of the defendant, who caused the death of plaintiff's decedent, the plaintiff and her children have suffered a lost of care, companionship, comfort and guidance.

**Total $ 1,000,000.00 +**

## CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

**TOTAL $................**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____

A.O.S.C. 3-2007

Alan L. Cantor Esq.

Date:   February 1, 2016

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss

SUPERIOR COURT
CIVIL ACTION NO.:

```
                                 )
SHANA GRAZIANO                   )
PERSONAL REPRESENTATIVE          )
OF THE ESTATE OF SONEY           )
MATTHEWS,                        )            PLAINTIFF CLAIMS
                                 )            TRIAL BY JURY
            Plaintiff            )
                                 )
vs.                              )
                                 )
CITY OF PEABODY,                 )
                                 )
            Defendant.           )
                                 )
```

## COMPLAINT

### PARTIES

1. The plaintiff Shana Graziano is the Personal Representative of the Estate of Soney Matthews who died on or about February 10, 2013, leaving his two children as heirs at law and next of kin. The plaintiff is the mother of those children, Soney D. Matthews, now age 16, and Shaynna A. Matthews, now age 8. Shana Graziano resides in Lynn, Essex County, Commonwealth of Massachusetts.

2. The defendant City of Peabody is a governmental entity located in Essex County, Massachusetts.

3. Officer Christopher Pierce, Officer Matthew Mason, Dispatcher Neil Citroni and Dispatcher Paul Diefenbach were, at all times relevant hereto, employees of the City of Peabody Police Department and acting in the scope of their employment.

### FACTS

4. On or about February 2, 2013, Peabody Police officers Matthew Mason and Daniel Murphy were dispatched to a report of a possible violation of a restraining order. The complainant was the plaintiff Shana Graziano. The plaintiff reported to Officer Mason that she had recently obtained a restraining order against Soney Matthews, with whom she had two

1

children. The plaintiff told Officer Mason that Matthews had said to her, "if you think you're leaving me, and taking our kids, I am going to kill you and myself."

5. The officers proceeded to the plaintiff's home where they arrested Soney Matthews on various charges including threat to commit a crime (to wit murder). Matthews was transported to the Peabody Police Station.

6. At the Peabody Police Station, Peabody officers allegedly conducted a suicide evaluation of the decedent. Despite his specific statement made to the plaintiff that indicated he would kill himself and despite the fact that the statement was reported to Officer Mason, Soney Matthews was classified as "low risk" on the suicide evaluation form.

7. Soney Matthews was allegedly searched by Officer Mason at the time of his arrest at the Peabody Police Station and a leather belt was taken from him.

8. Mr. Matthews was placed in a jail cell equipped with a surveillance camera. While in the cell, Peabody Police Officer Christopher Pierce and Dispatchers Neil Citroni and Paul Diefenbach had the duty to supervise and monitor him.

9. Shortly after being placed in the jail cell, Mr. Matthews placed one of his sandals over the surveillance camera, which was or should have been obvious to anyone monitoring the camera. He then took the sandal off the camera and a string had been tied around a grate in his cell which was or should have been obvious to anyone monotoring the camera. He then proceeded to hang himself by placing the string around his neck which was or should have been obvious to anyone monitoring the camera.

10. It was not until approximately 20 minutes after he hung himself that Mr. Matthews' body was discovered in his jail cell.

11. Mr. Matthews died of his injuries on or about February 10, 2013.

12. Pursuant to G.L. c. 258, on or about January 15, 2015, plaintiff served notices of claim on Mayor Edward A. Bettencourt, Jr., City Clerk Timothy E. Spanos and City Solicitor Michael Smerczynski, Esq. These notices are attached as Exhibits "A", "B" and "C".

13. The only response received on behalf of the City was from the City's insurer, which is attached as Exhibit "D", in which the City neither accepted nor rejected plaintiff's claim.

## COUNT I

### (WRONGFUL DEATH VS. CITY OF PEABODY PURSUANT TO G.L. c. 258)

14. The plaintiff repeats the allegations of paragraphs 1-13 herein.

15. The defendant and its agents, servants and employees were engaged in the administration, supervision and management of the jail at the Peabody Police Station.

16. The death of plaintiff's decedent was the direct and proximate result of the carelessness and negligence of the defendant as follows:

    a. Defendant negligently failed to adequately monitor and supervise the circumstances of decedent's confinement despite the fact that they knew or should have known of decedent's suicidal tendencies.

    b. Defendant negligently failed to conduct an adequate search of the decedent to attempt to locate objects which might facilitate a suicide attempt.

    c. Defendant negligently failed to appropriately classify the suicide risk attendant to the decedent despite the fact that defendant was aware that decedent had threatened to kill himself in the hours leading up to his confinement.

    d. Defendant negligently equipped the decedent's jail cell with a defective and dangerous grate that lacked safety features to resist suicide.

17. The next of kin of Soney Matthews are entitled to the fair monetary value of the decedent, including but not limited to, compensation for the loss of the reasonably expected net income, services, protections, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the decedent and to the reasonable medical, funeral, and burial expenses incurred.

    WHEREFORE, the plaintiff demands judgment against the defendant, together with interest and costs.

## COUNT II

### (CONSCIOUS PAIN AND SUFFERING VS. CITY OF PEABODY)

18. The plaintiff repeats and reavers the allegations of paragraphs 1-17 as if expressly rewritten and set forth herein.

19. This action is brought to recover for the conscious pain and suffering of Soney Matthews.

20. As the direct and proximate result of defendant's negligence Soney Matthews was caused great pain and conscious suffering up to the moment of his death.

    WHEREFORE, the plaintiff demands judgment against the defendant, together with interest and costs.

3

## COUNT III

### (DEPRIVATION OF CONSTITUTIONAL RIGHTS VS. CITY OF PEABODY PURSUANT TO 42 U.S.C. § 1983)

21. The plaintiff restates the allegation of paragraphs 1-17 as if expressly rewritten and set forth herein.

22. The City of Peabody had a duty of care to prevent personal injury or death stemming from the gross negligence of its employees in supervising prisoners at the jail in the Peabody Police Station.

23. The City of Peabody is a government entity as well as a public employer.

24. At all times relevant the defendant's employees were acting under color of state law in connection with supervising prisoners at the jail at the Peabody Police Station and acted with reckless indifference and callous disregard to the safety and welfare of the prisoners including but not limited to decedent.

25. At all times relevant the defendant's actions were manifestly outrageous and conscience shocking as the affirmative actions of the defendant facilitated the decedent's suicide.

26. The defendant's actions were conscious shocking in facilitating the suicide of decedent including, but not limited to the following ways:

    a.  Deliberately and indifferently violating city policies in supervising and monitoring decedent at the jail.

    b.  Deliberately and indifferently failing to conduct an adequate search of the decedent to attempt to locate objects which might facilitate a suicide attempt.

    c.  Deliberately and indifferently classifying decedent as a low suicide risk despite the fact that defendant was aware that decedent had threatened to kill himself in the hours leading up to his confinement.

27. As a direct and proximate result of the defendant's actions the decedent, Soney Matthews, was deprived of his constitutional rights to life and liberty, interests protected by the due process clause of the Fourteenth Amendment of the United States Constitution.

28. The heirs at law and next of kin of the decedent are entitled to the fair monetary value of the decedent, including but not limited to compensation for the loss of the reasonably expected net income, services, protections, care, assistance, society, companionship, comfort,

guidance, counsel, and advice of the decedent and to the reasonable medical, funeral and burial expenses incurred pursuant to 42. U.S.C. § 1983.

WHEREFORE, the plaintiff demands judgment against the defendant, together with punitive damages, attorney's fees, with interest and costs.

PLAINTIFF CLAIMS TRIAL BY JURY

The Plaintiff,
By Her Attorneys,

James A. Swartz
BBO #556920
Alan L. Cantor
BBO #072360
Swartz & Swartz, P.C.
10 Marshall Street
Boston, MA 02108
(617) 742-1900

DATED:  February 1, 2016

5

# EXHIBIT A

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _J. Marc-Querek_  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery<br>1 / 20 / 4 |
| 1. Article Addressed to:<br><br>TIMOTHY E. SPANOS<br>CITY CLERK<br>CITY HALL<br>24 LOWELL STREET<br>PEABODY, MA 01960 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below:  ☐ No<br><br>#0094<br><br>3. Service Type<br>☐ Certified Mail®  ☐ Priority Mail Express™<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ Collect on Delivery<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label)   7012 3460 0002 3624 7814 | |

PS Form 3811, July 2013          Domestic Return Receipt

---

#0094  (MC)

SWARTZ & SWARTZ
10 MARSHALL STREET
BOSTON, MA 02108

• Sender: Please print your name, address, and ZIP+4® in this box•

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

UNITED STATES POSTAL SERVICE



*Swartz & Swartz*
ATTORNEYS AT LAW
*The John & Ebenezer Hancock House on The Freedom Trail*
NUMBER TEN MARSHALL ST., BOSTON, MASSACHUSETTS 02108
617-742-1900   ·   FAX · 617-367-7193
EMAIL · ATTORNEY@SWARTZLAW.COM
WEBSITE · WWW.SWARTZLAW.COM
acantor@swartzlaw.com

January 15, 2015

Mayor Edward A. Bettencourt, Jr.
24 Lowell Street
Peabody, MA 01960

Mayor Edward A. Bettencourt, Jr.
One America Drive
Peabody, MA 01960

Timothy E. Spanos
City Clerk
City Hall
24 Lowell Street
Peabody, MA 01960

Michael Smerczynski, Esq.
City Solicitor
Town of Peabody
34 Main Street
Peabody, MA 01960

RE:   ESTATE OF SONEY N. MATTHEWS

Sirs:

This office represents the Estate of Soney N. Matthews, in connection with an incident that occurred on or about February 3, 2013 at the Peabody Police Station. At that time, Mr. Matthews was found in his jail cell, having used a string to hang himself. He died of his injuries on or about February 10, 2013.

Based on present investigation, it appears that the Peabody Police Department was negligent in connection with this incident and that this negligence resulted in Mr. Matthews' death. Specifically, the police were aware that Mr. Matthews had threatened to kill himself, as reported to them by Shayna Graziano on or about February 2, 2013. Despite this knowledge, the Peabody Police failed to adequately supervise and monitor Mr. Matthews in his jail cell. He was in possession of a string which he used to hang himself. He was apparently viewed on camera sitting on a toilet with the string tied to a grate

eseguire



**Swartz & Swartz**
ATTORNEYS AT LAW
*The John & Ebenezer Hancock House on The Freedom Trail*
NUMBER TEN MARSHALL ST., BOSTON, MASSACHUSETTS 02108
617-742-1900   ·   FAX · 617-367-7193
EMAIL · ATTORNEY@SWARTZLAW.COM
WEBSITE · WWW.SWARTZLAW.COM

Page 2
All Sirs
January 15, 2015

directly over the toilet which police failed to observe. A camera in the cell was apparently covered by one of Mr. Matthews' sandals, as observed in police photos. In short, the monitoring and supervision conducted by the Peabody Police were conducted negligently, especially in light of Mr. Matthews' stated threat to kill himself.

On behalf of Mr. Matthews' Estate, we contend that officials, servants and employees at the Peabody Police Department were negligent in failing to exercise reasonable care in that Mr. Matthews' cell was equipped with a dangerous grate. We further contend that officials, servants and employees at the Peabody Police Department failed to exercise reasonable care in connection with their supervision and circumstances of confinement of Mr. Matthews despite the fact that they knew or should have known of Mr. Matthews' suicidal tendencies.

Pursuant to the Massachusetts Tort Claims Act, G.L. c. 258, we demand recovery from the city of Peabody on behalf of Mr. Matthews' Estate for the wrongful death and pain and suffering of Mr. Matthews of the maximum damages allowed by law.

Please be advised that our client in this matter is Shayna Graziano, the mother of Mr. Matthews' two children, Soney D. Matthews (D.O.B. 1/15/2000) and Shaynna Matthews (D.O.B. 4/18/2007), as decendents' two children are his heirs at law and next of kin. We accordingly demand as follows:

Soney D. Matthews:          $100,000.00 plus costs
Shaynna Matthews:          $100,000.00 plus costs

Very truly yours,

Alan L. Cantor

ALC:knp
CERTIFIED MAIL/RRR

# EXHIBIT B

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X _____ ☐ Agent ☐ Addressee <br> B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to: <br><br> MICHAEL SMERCZYNSKI, ESQ <br> TOWN SOLICITOR <br> TOWN OF PEABODY <br> 34 MAIN STREET <br> PEABODY, MA 01960 | D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No <br><br> #9997 <br><br> 3. Service Type <br> ☒ Certified Mail®  ☐ Priority Mail Express™ <br> ☐ Registered  ☒ Return Receipt for Merchandise <br> ☐ Insured Mail  ☐ Collect on Delivery <br> 4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number <br> (Transfer from service l)   7012 3460 0002 3624 7845 | |

PS Form 3811, July 2013          Domestic Return Receipt



#9997 (AC)

SWARTZ & SWARTZ
10 MARSHALL STREET
BOSTON, MA 02108

• Sender: Please print your name, address, and ZIP+4® in this box•

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

UNITED STATES POSTAL SERVICE



ATTORNEYS AT LAW
The John & Ebenezer Hancock House on The Freedom Trail
NUMBER TEN MARSHALL, ST., BOSTON, MASSACHUSETTS 02108
617-742-1900  ·  FAX · 617-367-7193
EMAIL · ATTORNEY@SWARTZLAW.COM
WEBSITE · WWW.SWARTZLAW.COM
acantor@swartzlaw.com

January 15, 2015

Mayor Edward A. Bettencourt, Jr.
24 Lowell Street
Peabody, MA 01960

Mayor Edward A. Bettencourt, Jr.
One America Drive
Peabody, MA 01960

Timothy E. Spanos
City Clerk
City Hall
24 Lowell Street
Peabody, MA 01960

Michael Smerczynski, Esq.
City Solicitor
Town of Peabody
34 Main Street
Peabody, MA 01960

RE:   ESTATE OF SONEY N. MATTHEWS

Sirs:

This office represents the Estate of Soney N. Matthews, in connection with an incident that occurred on or about February 3, 2013 at the Peabody Police Station. At that time, Mr. Matthews was found in his jail cell, having used a string to hang himself. He died of his injuries on or about February 10, 2013.

Based on present investigation, it appears that the Peabody Police Department was negligent in connection with this incident and that this negligence resulted in Mr. Matthews' death. Specifically, the police were aware that Mr. Matthews had threatened to kill himself, as reported to them by Shayna Graziano on or about February 2, 2013. Despite this knowledge, the Peabody Police failed to adequately supervise and monitor Mr. Matthews in his jail cell. He was in possession of a string which he used to hang himself. He was apparently viewed on camera sitting on a toilet with the string tied to a grate



*Swartz & Swartz*
ATTORNEYS AT LAW
*The John & Ebenezer Hancock House on The Freedom Trail*
NUMBER TEN MARSHALL ST. BOSTON, MASSACHUSETTS 02108
617-742-1900   ·   FAX · 617-367-7193
EMAIL · ATTORNEY@SWARTZLAW.COM
WEBSITE · WWW.SWARTZLAW.COM

Page 2
All Sirs
January 15, 2015

directly over the toilet which police failed to observe. A camera in the cell was apparently covered by one of Mr. Matthews' sandals, as observed in police photos. In short, the monitoring and supervision conducted by the Peabody Police were conducted negligently, especially in light of Mr. Matthews' stated threat to kill himself.

On behalf of Mr. Matthews' Estate, we contend that officials, servants and employees at the Peabody Police Department were negligent in failing to exercise reasonable care in that Mr. Matthews' cell was equipped with a dangerous grate. We further contend that officials, servants and employees at the Peabody Police Department failed to exercise reasonable care in connection with their supervision and circumstances of confinement of Mr. Matthews despite the fact that they knew or should have known of Mr. Matthews' suicidal tendencies.

Pursuant to the Massachusetts Tort Claims Act, G.L. c. 258, we demand recovery from the city of Peabody on behalf of Mr. Matthews' Estate for the wrongful death and pain and suffering of Mr. Matthews of the maximum damages allowed by law.

Please be advised that our client in this matter is Shayna Graziano, the mother of Mr. Matthews' two children, Soney D. Matthews (D.O.B. 1/15/2000) and Shaynna Matthews (D.O.B. 4/18/2007), as decendents' two children are his heirs at law and next of kin. We accordingly demand as follows:

Soney D. Matthews:        $100,000.00 plus costs
Shaynna Matthews:        $100,000.00 plus costs

Very truly yours,

Alan L. Cantor

ALC:knp                                        Alan L. Cantor
CERTIFIED MAIL/RRR

# EXHIBIT C

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MAYOR EDWARD A.
BETTENCOURT, JR.
24 LOWELL STREET
PEABODY, MA 01960

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *P. Narc-Qurele*   ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                  1/26/15

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

#9997

3. Service Type
☒ Certified Mail   ☐ Priority Mail Express™
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7012 3460 0002 3624 7838

PS Form 3811, July 2013          Domestic Return Receipt

---



#9997 (MC)

SWARTZ & SWARTZ
10 MARSHALL STREET
BOSTON, MA 02108

• Sender: Please print your name, address, and ZIP+4® in this box•

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

UNITED STATES POSTAL SERVICE



**Swartz & Swartz**
ATTORNEYS AT LAW
*The John & Ebenezer Hancock House on The Freedom Trail*
NUMBER TEN MARSHALL ST. BOSTON, MASSACHUSETTS 02108
617-742-1900   ·   FAX · 617-367-7193
EMAIL · ATTORNEY@SWARTZLAW.COM
WEBSITE · WWW.SWARTZLAW.COM
acantor@swartzlaw.com

January 15, 2015

Mayor Edward A. Bettencourt, Jr.
24 Lowell Street
Peabody, MA 01960

Mayor Edward A. Bettencourt, Jr.
One America Drive
Peabody, MA 01960

Timothy E. Spanos
City Clerk
City Hall
24 Lowell Street
Peabody, MA 01960

Michael Smerezynski, Esq.
City Solicitor
Town of Peabody
34 Main Street
Peabody, MA 01960

RE:   ESTATE OF SONEY N. MATTHEWS

Sirs:

This office represents the Estate of Soney N. Matthews, in connection with an incident that occurred on or about February 3, 2013 at the Peabody Police Station. At that time, Mr. Matthews was found in his jail cell, having used a string to hang himself. He died of his injuries on or about February 10, 2013.

Based on present investigation, it appears that the Peabody Police Department was negligent in connection with this incident and that this negligence resulted in Mr. Matthews' death. Specifically, the police were aware that Mr. Matthews had threatened to kill himself, as reported to them by Shayna Graziano on or about February 2, 2013. Despite this knowledge, the Peabody Police failed to adequately supervise and monitor Mr. Matthews in his jail cell. He was in possession of a string which he used to hang himself. He was apparently viewed on camera sitting on a toilet with the string tied to a grate



*Swartz & Swartz*
ATTORNEYS AT LAW
*The John & Ebenezer Hancock House on The Freedom Trail*
NUMBER TEN MARSHALL St, BOSTON, MASSACHUSETTS 02108
617-742-1900   FAX · 617-367-7193
EMAIL · ATTORNEY@SWARTZLAW.COM
WEBSITE · WWW.SWARTZLAW.COM

Page 2
All Sirs
January 15, 2015

directly over the toilet which police failed to observe. A camera in the cell was apparently covered by one of Mr. Matthews' sandals, as observed in police photos. In short, the monitoring and supervision conducted by the Peabody Police were conducted negligently, especially in light of Mr. Matthews' stated threat to kill himself.

On behalf of Mr. Matthews' Estate, we contend that officials, servants and employees at the Peabody Police Department were negligent in failing to exercise reasonable care in that Mr. Matthews' cell was equipped with a dangerous grate. We further contend that officials, servants and employees at the Peabody Police Department failed to exercise reasonable care in connection with their supervision and circumstances of confinement of Mr. Matthews despite the fact that they knew or should have known of Mr. Matthews' suicidal tendencies.

Pursuant to the Massachusetts Tort Claims Act, G.L. c. 258, we demand recovery from the city of Peabody on behalf of Mr. Matthews' Estate for the wrongful death and pain and suffering of Mr. Matthews of the maximum damages allowed by law.

Please be advised that our client in this matter is Shayna Graziano, the mother of Mr. Matthews' two children, Soney D. Matthews (D.O.B. 1/15/2000) and Shaynna Matthews (D.O.B. 4/18/2007), as decendents' two children are his heirs at law and next of kin. We accordingly demand as follows:

Soney D. Matthews:          $100,000.00 plus costs
Shaynna Matthews:          $100,000.00 plus costs

Very truly yours,

Alan L. Cantor

ALC:knp
CERTIFIED MAIL/RRR

Alan L. Cantor

# EXHIBIT D


TRIDENT

January 22, 2015

Mr. Alan Cantor
Swartz & Swartz, Attorneys at Law
10 Marshall Street
Boston, MA 02108

RE:   **Estate of Soney Matthews v. City of Peabody, MA**

**Trident Claim Number: TNT-0126601**

Dear Mr. Cantor:

Trident Insurance Services is the authorized claim representative of Argonaut Insurance Company ("Argonaut"), the insurer of the City of Peabody, MA.

Your Notice of Claim letter pursuant to the Massachusetts Tort Claims Act, G.L. c. 258 dated January 15, 2015 to the City of Peabody relating to claims on behalf of the Estate of Soney Matthews has been forwarded to Trident for further investigation and handling. While I begin my investigation into this matter, I welcome you to provide any additional information you have to support your client's claims directly to my attention either at the below address or via e-mail at rstjean@tridentinsurance.net.

In addition, should you wish, I can be reached at (860) 507-6333 to discuss this matter further.

Sincerely,

Robert A. St. Jean
Examiner – Principal Claims

cc: City of Peabody